# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | § | Case Number: 4:98-CR-00047(5) |
|  | § | Judge Mazzant |
| v. | § |  |
|  | § |  |
| HILARIO MERLAN SOLIS | § |  |
|  | § |  |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant's Motion to Correct Sentence (Dkt. #1369).  The Court, having considered the motion and the relevant pleadings, finds that the motion must be **DISMISSED for lack of jurisdiction**.

## BACKGROUND

Defendant is incarcerated at FMC Fort Worth for conspiring to distribute heroin and cocaine (Dkt. #1370).  On December 9, 1999, following a jury trial, Defendant was sentenced to 400 months' imprisonment (Dkt. #1370).  Defendant's projected release date is December 14, 2027.

Before coming into federal custody, Defendant was already incarceration serving a five-year state sentence for a related crime (Dkt. #1370).  Incarceration on the state charge began September 13, 1997, and lasted until he was sentenced in federal court or December 9, 1999 (Dkt. #1370).  The federal sentence is designed to run concurrently with the state sentence (Dkt. #1063).

On February 3, 2021, Defendant moved the Court to correct his sentence by applying time-served credit from his state sentence to his federal sentence (Dkt. #1369).  On February 18, 2021, the Government responded (Dkt. #1370).

## LEGAL STANDARD

Under 18 U.S.C. § 3568, inmates earn credit toward their term of imprisonment if they spent time in detention before imposition of the sentence. 18 U.S.C. § 3568(b).  Inmates can challenge the calculation of this credit in district court, but these claims are not cognizable in a proceeding under 28 U.S.C. § 2255 or Federal Rule of Criminal Procedure 35. *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985).  Instead, inmates must address their challenge as a habeas corpus petition under 28 U.S.C. § 2241. *See Id.*; *see also United States v. Giddings*, 740 F.2d 770, 771–72 (9th Cir. 1984); *Soyka v. Alldredge*, 481 F.2d 303, 304–06 (3d Cir. 1973).

To hear a § 2241 habeas petition, the court must have jurisdiction over the inmate. *See Brown*, 753 F.2d at 456; *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978) (denial of parole); *McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir. 1978), *cert. denied*, 439 U.S. 1077 (1979). Courts only have jurisdiction over an inmate if the habeas petition is filed in the jurisdiction where the inmate is confined. *United States v. Gabor*, 905 F.2d 76, 77-78 (5th Cir. 1990).  If the habeas petition is filed outside this jurisdiction, the court may not entertain the case. *Id.* at 78.

## ANALYSIS

Defendant asks the Court to correct his sentence because he did not receive time-served credit for his incarceration between September 13, 1997, and December 9, 1999 (Dkt. #1369). The Government disagrees, arguing: (1) the Court lacks jurisdiction; (2) Defendant did not exhaust his administrative remedies; and (3) Defendant is not entitled to additional time-served credit.

The Court finds it lacks jurisdiction over Defendant's motion.  Claims for presentence credit must be addressed as a habeas petition in the jurisdiction where the inmate is confined. *Brown*, 753 F.2d at 456; *Gabor*, 905 F.2d at 77-78.  Even construing Defendant's letter as a habeas petition, the Court still lacks jurisdiction because Defendant is incarcerated in the Northern District

of Texas (Dkt. #1370 at p. 3).  As Defendant is not confined in the Eastern District of Texas, the

Court cannot hear his claim for recalculation of his sentence.  Because the Court lacks jurisdiction,

it need not determine whether Defendant properly exhausted his administrative remedies or is

entitled to the time-served credit.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Correct Sentence (Dkt. #1369) is

hereby **DISMISSED for lack of jurisdiction**.

**SIGNED this 3rd day of March, 2021.**

_____

AMOS L. MAZZANT

UNITED STATES DISTRICT JUDGE

3